UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 MAY 24  A 9: 21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Reginald Yearby,
    Petitioner,

v.

Scott Middlebrooks (Warden),
    Respondent,

2:05CV490-T

_____/

## 2241 WRIT OF HABEAS CORPUS

### I. Introduction

Now comes, Petitioner Reginald Yearby, who is currently incarcerated at Federal Prison Camp Montgomery, Alabama, to file a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner files this Writ Pro se, and requests the courts leniency, as he is not a student of law.

Yearby (Petitioner) challenges the Bureau of Prisons'(BOP) refusal to allow him a one year sentence reduction under the provisions of 18 U.S.C. §3621(e)(2)(B) after his successful completion of the BOP Residential Drug Abuse Treatment Program.

### II. Jurisdiction

This Court has jurisdiction to hear Petitioner's Writ of Habeas. Section 2241 provides an avenue of relief for inmates who contend violations of federal law which make the place, condition, or duration of confinement illegal by way of petition for Writ of Habeas Corpus Preiser v. Rodriguez, 411 U.S.475, 499(1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

In addition, this Court has subject matter jurisdiction over this petition, even though Petitioner has not yet exhausted his administrative remedies prior to seeking habeas relief. Because administrative remedies is not required by statue, it is not jurisdictional. Brown v. Rison, 895 F.2d 533,535 (9th Cir.

1990). Although explict exhaustion requirements for administrative remedies for other Writs are contained in Antiterrorism and Effective Death Penalty Act (AEDPA) and the Prison Litigation Reform Act (PLRA), they do not apply to habeas petitions filed under 28 U.S.C. §2241. United States v. West, 2003 WL 1119990, *(E.D. Mich. Feb. 20, 2003); Hicks v. Hood, 203 F. Supp. 2d. 379, 382 (D. Or. 2002). Additionally, in light of the fact that Program Statement 5162.04 is manditory in nature and automatically excludes from early release all inmates who have violated 18 U.S.C. §841 and who have received two-level sentencing enhancements under the sentencing guidelines for possession of a firearm, any further exhaustion on the Petitioner's part would be futile. See e.g. Boucher v. Lamanna, 90 F. Supp. 2d. 883, 887, 88 (N.D. Ohio 2000); Camper v. Benov, 966 F. Supp. 951 (C.D. Cal. 1997).

### III. Background

Petitioner Yearby pleaded guilty to one count of Possession with Intent to Distribute one half ounce of Crack Cociane, contrary to 18 U.S.C. §841(a)(1), in the United States District Court for the Eastern District of Tennessee. On January 31, 2000, Yearby was sentenced to (90) months in prison. At sentencing, Petitioner received a two point enhancement under the Federal Sentencing Guidelines for possession of a firearm, pursuant to U.S.S.G. §2D1.1(b)(1).

While incarcerated at FPC-Montgomery, yearby entered the BOP's Residential Drug Abuse Treatment Program on September 15, 2003 and successfully completed the program on June 6, 2004. During this time, Petitioner applied for a one year reduction in his sentence with the BOP pursuant to 18 U.S.C. §3621(e)(2)(B). Petitioner was denied eligibility for a reduction of his sentence based on the fact that Petitioner had received a sentencing enhancement under the Federal Sentencing Guidelines for possession of a firearm in connection with his drug conviction. The BOP based this decision on their internal Program Statement 5162.04, which indicates that a federal inmate who has been convicted under 21 U.S.C. §841 and has received a two-level sentencing enhancement for possession

of a firearm is ineligible for obtaining early release under § 3621(e)(2)(B).

Petitioner has now filed an Application for Writ of Habeas Corpus with this Court, in which he claims that the BOP has wrongfully denied him a one year sentence reduction pursuant to § 3621(e)(2)(B) because of the sentencing that he received under the sentencing guidelines for possession of a firearm in connection with his nonviolent cocaine conviction. Petitioner further contends that Program Statement 5162.04, which was used by the BOP to deny him eligibility for early release, is itself invalid and cannot therefore be used to deny him eligibility for early release.

### IV. Discussion

Since Petitioner has already completed the Drug Program and there exists a live case or controversy (Yearby's early release is being illegally withheld through violation of APA), the petitioner requests the Court's wise discretion tempered with mercy, by allowing this petition to procede without completion of the Administrative Remedy process. The total administrative remedy process takes four to six months to complete and by the time Petitioner Yearby completes the process he would yield no benefit of early release, his half-way house release date being July 21, 2005. As mentioned earlier, 2241 Habeas petitions are not bound by exhaustion of administrative remedies.

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("ACT"). Part of the Act directed the BOP to make appropriate substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addiction. 18 U.S.C. §3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains
> after successfully completing a treatment program may be reduced

by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. 18 U.S.C.§3621(e)(2)(B).

On October 9, 1997, the Bureau of Prisons adopted a revised 28 C.F.R.§550.58. The revised regulation abandoned its earlier incorporation of the crime-of-violence definition in 18 U.S.C.§924(c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R.§550.58(a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession, or use of a firearm or other dangerous weapons or explosives" were not eligible for early release under §3621(e)(2)(B). 28 C.F.R.§550.58 was made immediately effective on October 9, 1997, although it was not published in the Federal Register until October 15, 1997.

To aid BOP staff in understanding and implementing these amendments to Section 550.58, the BOP issued Program Statement 5162.04, "Categorization of Offenses" and Program Statement 5330.10 chapter 6, both effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 of P.S. 5162.04 futher provides that BOP staff must look at sentence enhancement factors, such as possession of a firearm, which would subject a defendant to sentence enhancement under §2D1.1 and §2D1.11 of the Federal Sentencing Guidelines.

Petitioner argues that because he was convicted of 18 U.S.C.§(a)(1), which is a nonviolent offense, the BOP abused its statutory discretion in basing their decision to exclude Petitioner from consideration for early release because of the two-point sentence enhancement that he received for being in possession of a firearm. Petitioner's assertion is validated by the claim Program Statement 5162.04, which was relied upon by the BOP to deny him eligibility for early release, is invalid and therefore may not be used to deny him eligibility for

early release upon the successful completion of drug treatment. Finally, Petitioner claims that the BOP's decision to exclude him from early release violated his rights to due process and equal protection.

### U.S. Supreme Court decision does not consider APA violation

The United States Supreme Court has held that under §3621(e)(2)(B), the Bureau of Prisons has the discretion to promulgate 28 C.F.R. §550.58 and categorically deny early release to prisoners like Petitioner whose current offense was a felony attended by the carrying, possession, or use of a firearm. **Lopez v. Davis, 531 U.S. 230, 238-43 (2001).** However, the Supreme Court in Lopez declined to address the issue of whether the BOP violated the notice and comment provisions of the Administrative Procedures Act (APA) when it published the 1997 regulation because the issue was not raised in the lower courts or presented in the petition for certiorari. **Lopez v. Davis, 531 U.S. at 244, n.6.**

### APA Violation Discussion

In Bohner v. Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003), the federal district court held that the BOP's Program statement 5162.04 was not promulgated in compliance with notice and comment procedures of 5 U.S.C. §553 of the Administrative Procedure Act (APA), and the rule that the program statement purported to interpret, namely 28 C.F.R. 550.58, was likewise invalid, because it, too, had not been issued in compliance with the Administrative Procedure Act. Id. at 1174-79.

In so ruling, the Court in Bohner noted that Section 553(b) of the Administrative Procedure Act requires that "[g]eneral notice of proposed rulemaking shall be published in the Federal Register." Bohner, 243 F. Supp. 2d at 1175 (citing 5 U.S.C.§553(b)). Section 553(d) of the Administrative Procedure Act requires publication of the rules not less than thirty days prior to their effective date, but provides a good cause exception in subsection (d)(3). "[B]efore that exception becomes relevant, however, the agency must first justify abandoning

the requirement of prior notice and comment pursuant to subsection (b)(B)." Bohner, 243 F. Supp. 2d at 1175 (citing Western Oil & Gas Ass'n v. United States Envtl. Prot. Agency, 633 F. 2d 803, 811-12 (9th Cir. 1980).

The Court in Bohner found that the BOP had violated both Sections 553(b) and (d) of the APA in promulgating 28 C.F.R. § 550.58, because the BOP published nothing about this interim rule in the Federal Register until October 15, 1997, even though the effective date of the regulation was October 9, 1997. Bohner v. Daniels, 243 F. Supp. 2d at 1175. The court further found that none of the statutory exceptions to Section 553(b) applied. 5 U.S.C. §553(b)(3) indicates that the notice and comments requirements of Section 553(b) do not apply: "(A) to interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice; or (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefore in the rules issued) that notice and public proceduree thereon are impractical, unnecessary, or contrary to the public interest." The court in Bohner noted that the exception found in subsection (A) did not apply because the BOP's 1997 rule was not an interpretive rule or a general statement of policy. Bohner, 243 F. Supp. 2d at 1176 (citing Gunderson v. Hood, 268 F.3d 1149, 1154 (9th Cir.2001); Grier v. Hood, 46 Fed. Appx. 433, 440 (9th Cir. 2002)). The court likewise found that the "good cause exception" contained in Section 553(b)(3)(B) did not apply, because nowhere in its notice in the Federal Register did the BOP explain that it was invoking the good cause exception nor did it explain why the notice and comment procedure was impractical, unnecessary, or contrary to the public interest. Bohner, 243 F. Supp. 2d at 1176 (citing to 62 Fed. Reg. 536900 (Oct. 15 1997)). Because the BOP failed to invoke the good cause exception when it promulgated the 1997 regulation, and failed to explain why it was impracticable, unnecessary, or contrary to public interest, the court found that these procedural errors invalidated the regulation. Id.

Having determined that 28 C.F.R. § 550.58 was invalid, because it had not been promulgated in compliance with the Administrative Procedure Act, the court in Bohner concluded that Program Statement 5162.04 likewise could not be used to deny the petitioner early release upon successful completion of the drug treatment program. In deciding this issue, the court in Bohner had to reconcile "apparently conflicting precedents" from the Ninth Circuit involving this issue. Bohner, 243 F. Supp. 2d at 1177. The court in Bohner noted that the Ninth Circuit had ruled in Grassi v. Hood, 251 F.3rd 1218, 1221-22 (9th Cir. 2001) that even if the 1997 interim regulation was invalid because the BOP failed to comply with the notice and comment requirements of the APA, the program statement [5162.04], which predated the amended rule, would remain viable, because it never was rescinded, nor was it expressly superseded by the later 1997 interim regulation. However, the court in Bohner noted that the Ninth Circuit subsequently held in Gunderson v. Hood, 268 F. 3d 1149,1155 (9th Cir. 2001) that because Program Statement 5162.04 did no more than clarify or explain existing law, it was interpretive and thus not subject to the requirements of the APA. Bohner, 243 F. Supp. 2d at 1178. Finally, the Court in Bohner noted that the Ninth Circuit had reversed that district court's denial of another habeas petitioner's motion to amend his habeas petition to include an allegation under the Administrative Procedure Act, stating that it would not have been futile because it appeared the BOP violated the APA. Grier v. Hood, 46 Fed. Appx 433 (9th Cir. 2002). The district court in Bohner observed that "[G]rier did not, however, explain why it mattered that the regulation violated the APA given Grassi's observation that the program statements would survive regardless of whether the regulation complied with the APA." Bohner, 243 F. Supp. 2d at 1178.

The Court in Bohner determined that it was unnecessary to harmonize the Ninth Circuit precendents because regardless of whether Grassi or Gunderson

controlled, only one outcome was possible, i.e., the program statements may not be used to deny the petitioner early release. Bohner v. Daniels, 243 F. Supp. 2d at 1179:

> "First, if Grassi is correct, the 1997 program statements would deny petitioner a sentence reduction indepentent of the 1997 rule. If so, the program statements should have been classified as legislative rules, and promulgated in compliance with the APA's notice and comment procedures. Because they were not, they may not be relied upon to deny petitioner early release. Alternatively, if Gunderson is correct, the 1997 program statements merely interpret the 1997 rule. It has already been determined above that the 1997 rule was invalid, so there is no rule left for the 1997 program statements to interpret." Bohner, 243 F. Supp. 2d at1179

Based on its ruling in Bohner v. Daniels, supra, the same district court has subsequently granted habeas relief to other petitioners on the basis that Program Statements 5162.04 was invalid because it had not been promulgated in compliance with the notice and comment procedures of the Administrative Procedure Act. See Picker v. Daniels, 2004 WL 1445106 (D. Or. June 24, 2004); Bernard v. Daniels, 2004 WL 1197774 (D. Or. May 28, 2004). Furthermore, over fifty others have been granted relief on this same issue.

Another court has previously held that the BOP's Program Statement 5162.02, the predecessor to the current P.S. 5162.04, which also indicated that certain crimes were considered "crimes of violence" if sentence enhancements were given for firearms possession, thuse rendering a prisoner convicted of such a crime ineligible for the early release program, was a legislative rule that was subject to the notice and comment requirements of the APA. See Wiggins v. Wise, 951 F. Supp. 614, 619-20 (S.D. W.Va. 1996).

### Conclusion

Petitioner Yearby asserts the finding of the district court in Bohner, and various other district courts in agreement, is correct and requests it be adopted in this District Court. "A fundamental requirement of the Administrative Procedure Act is that interested persons be given notice of proposed 'substantive'

or 'legislative' regulations, and an opportunity to comment." Maximum Home Health Care, Inc. v. Shalala, 272 F. 3d 318, 321 (6th Cir. 2001). As has been clearly exposed by Bohner and those holding the same view, the BOP has neglected its responsibility to do so. If Program Statement 5162.04, 5330.10 (Drug Abuse Program Manual) Chapter 6 (dated Oct. 9, 1997) or any other Program Statement denied inmates eligibility for early release independent of 28 C.F.R. §550.58, it should have been classified as a legislative rule and promulgated in compliance with the APA's notice and comment procedures. Because it was not, Program Statement 5162.04 or 5330.10 should not be relied upon to deny an inmate early release. Bohner, 243 F. Supp. 2d at 1179. Alternatively, if Program Statement 5162.04 or Chapter 6 of P.S. 5330.10 is merely interpretive of 550.58, because this interim rule is itself invalid, there is no rule left for the these Program Statements to interpret. Either way, the Program Statement cannot be used to deny Petitioner early release. Petitioner asserts regardless of the authority BOP may have in its discretion to exclude an inmate from receiving the benefit of early release, it may not do so using an invalid legislative rule or Policy Statement. Therefore, Petitioner Yearby requests this honorable court compel the BOP to reconsider his eligibility for early release according to 18 U.S.C. §3621(e)(2)(B) without regard to Program Statement 5162.04, Program Statement 5330.10, or C.F.R. 550.58. Furthermore, Petitioner requests the court to compel the BOP to look to his crime of conviction (18 U.S.C. §841(a)(1)) and not sentencing factors, as the statue requires. Petitioner was not convicted of a crime of violence as defined in 18§ 16. Crime of violence defined-
The term "crime of violence" means-

   (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  Westlaw Elec. Research

Petitioner was merely convicted of Possession with intent to Distribute Crack Cocaine contrary to 18 U.S.C. §841(a)(1), which can in no way be construed as violent according to the legal definition and various case analysis.

Petitioner would also like to make the court aware of circumstances pertaining to his early release if this Court grants his Habeas (2241). As it stands now, the BOP, according to P.S. 5330.10 and C.F.R. §550.58 grants six months half-way house and an early release of 12 to 0 months (dependant upon length of sentence) to inmates within it discretion. In order to receive any time reduction for early release, an inmate must first get a maximum of up to six months half-way house. Only, if the inmate has more than six months remaining on his sentence, will he be afforded the benefit of early release, according to BOP Policy. The problem is, if this Court deems P.S. 5162.04, P.S. 5330.10 Chap 6, and C.F.R. §550.58 invalid, Petitioner Yearby, with a timely response of the Court, would only receive an approximate 1.5 month maximum sentence reduction (at the BOP's discretion), because the BOP would cleave to its same invalid policy of six month half-way house(CCC confinement) plus a sentence reduction of whatever is left on his sentence.

According to 18 U.S.C. §3621(e)(2)(B), "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP] but such reduction may not be more than one year from the term the prisoner must otherwise serve." not allusion is made to a mandatory six month half-way house (CCC) confinement. Petitioner Yearby, should not be bound to the six month half-way house placement rule, a rule which this Court would have ruled invalid, as others have already. Because the BOP has valid policy in place demanding a mandatory half-way house placement, Yearby should be afforded the benefit of the maximum reduction off the term he must serve.

Wherefore, Petitioner Yearby prays that this Honorable Court grant his petition for Writ of Habeas Corpus and order the following relief:

(1) Compel the BOP to cease from withholding early release from Petitioner according to its invalid policy (5162.04, 5330.10 chap 6, and C.F.R. §550.58)

(2) Deny the BOP's use of Program Statements 5162.04, 5330.10 chap 6, and C.F.R. §550.58 and his sentence enhancement in it's reconsideration of Petitioner Yearby's early release.

(3) Compel BOP to reconsider according to 18 U.S.C. § 3621(e)(2)(B), looking only to his crime of conviction.

(4) Retain jurisdiction over this matter to insure that Petitioner's sentence reduction is promply and appropriately reconsidered.

Done this the __23__ day of __May__, 2005.

Respectfully submitted,

_Reginald Yearby_
Reginald Yearby
Birmingham Unit
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

## CERTIFICATE OF SERVICE

I, Reginald Yearby, hereby certify that a true and correct copy of this document, was furnished by U.S. mail, first class, postage prepaid to the following:

The Honorable Clerk of Court
United States District Court
Middle District of Alabama
Northern Div.
Post Office Box 711
Montgomery, AL 36101

Done this the 23 day of May, 2005.

*Reginald Yearby*
Reginald Yearby

Birmingham Unit
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112