IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| REGINALD YEARBY | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO.2:05-CV-490-TWO |
| SCOTT MIDDLEBROOKS, WARDEN | * |
| Respondent. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Reginald Yearby ("Yearby"), a federal inmate. In this petition, Yearby challenges the Bureau of Prisons' ("BOP") refusal to allow him a one year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) despite his successful completion of the BOP's Residential Drug Abuse Treatment Program ("RDAP"). Petitioner contends that the BOP is denying him eligibility for a sentence reduction because he received a sentence enhancement for possession of a firearm in connection with his drug conviction. According to Yearby, the BOP wrongfully denied him a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because his sentence enhancement was made in connection with a non-violent cocaine conviction.

Yearby further alleges that the BOP's Program Statement 5162.04, used by the BOP to deny his eligibility for early release, is invalid and, therefore, cannot be used for that purpose. He concedes that he has not exhausted available administrative remedies but

argues that (1) exhaustion would be futile because of the BOP's regulations regarding early release eligibility, and (2) by the time he completed the administrative remedy process, he would not reap the benefit of early release because his release from the half-way house is scheduled for July 21, 2005.

### I.  DISCUSSION

A federal prisoner who requests relief under § 2241 must first exhaust his administrative remedies before seeking relief from this court. *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). "The Bureau of Prisons is . . . responsible for computing [petitioner's] sentence and applying appropriate . . . credit. *U.S. v. Martinez*, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *U.S. v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990); *Johnson v. United States*, 2005 WL 107929 (E.D. Ky., April 12, 2005). "Exhaustion of administrative remedies is jurisdictional" when a petition is filed pursuant to 28 U.S.C. § 2241 for release from federal prison. *Gonzalez,* 959 F.2d at 212; *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir.2003).

The court concludes, therefore, that Yearby is required to exhaust available administrative procedures established by the Bureau of Prisons prior to seeking relief from this court. His subjective belief that exhausting administrative remedies is a futile effort is insufficient to excuse him from first seeking the relief he seeks through the appropriate administrative channels. *See Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985).

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice to afford Petitioner an opportunity to exhaust his administrative remedies in accordance with the procedures established by the Bureau of Prisons.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 29, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of June, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE