IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Reginald Yearby
    Petitioner,

v.                      Civil # 2:05-CV-490-T WO

Scott Middlebrooks, Warden
    Respondent.
_____/

Objection to Recommendation of Magistrate To Dismiss

Petitioner pleads with this honorable Court to procede with the hearing of this 28 U.S.C. § 2241 Habeas Corpus. A District Court has jurisdiction over a federal prisoner's habeas petition challenging the determination by the Bureau of Prisons that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Perez v. Hemingway, 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001). In addition, District Court has subject matter jurisdiction over this petition, even though Petitioner concedes that he has not yet exhausted his administrative remedies prior to seeking habeas relief. Exhaustion of administrative remedies is not required by statue and it is not jurisdicitional. Brown v. Rison, 895 F. 2d 533, 535 (9th Cir. 1990).

Let this court please consider, Program Statement 5162.04 (even though Invalid according to APA standards) is manditory in nature and automatically excludes from early release all inmates who have violated 18 U.S.C. §841 and who have recieved a two-level sentencing enhancement under the sentencing Guidelines for possession of a firearm, any further exhaustion on Petitioner's part would be futile, would completely steal away from Petitioner's deserved relief (as of this time, Petitioner has 31 days to release to halfway house), and should thus be excused.

Magistrate Judge Mcpherson relies Gonzalez v. U.S. 959 F.2d 211 (11th Cir. 1992). Stating "The Bureau of Prisons is... responsible for computing [Petitioner's] sentence and applying appropriate ...Credit. See also U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988) In the above styled case the petitioner's sentence was calculated wrongly and he sought correction of sentence. Petitioner Yearby's case is fundamentally different in that, the policy used to deny Yearby's sentence reduction is invalid and the time he has to seek correction of his sentence is greatly limited to the point where, if forced to file administrative remedies, because of the amount of time it would take, no relief could be granted.

Please consider the injustice that will happen if Petitioner is forced to continue filing administrative remedies and hear the civil case on its merits.

*Reginald Yearby*, Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Reginald Yearby

    Petitioner,

v.                      Civil # 2:05-CV-490-T
                            WO

Scott Middlebrooks, Warden

    Respondent.

RECEIVED 2005 JUN 30 A 9:51

Objection to Recommendation of Magistrate To Dismiss

    Petitioner pleads with this honorable Court to procede with the hearing of this 28 U.S.C. § 2241 Habeas Corpus. A District Court has jurisdiction over a federal prisoner's habeas petition challenging the determination by the Bureau of Prisons that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Perez v. Hemingway, 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001). In addition, District Court has subject matter jurisdiction over this petition, even though Petitioner concedes that he has not yet exhausted his administrative remedies prior to seeking habeas relief. Exhaustion of administrative remedies is not required by statue and it is not jurisdicitional. Brown v. Rison, 895 F. 2d 533, 535 (9th Cir. 1990).

    Let this court please consider, Program Statement 5162.04 (even though Invalid according to APA standards) is manditory in nature and automatically excludes from early-release all inmates who have violated 18 U.S.C. §841 and who have recieved a two-level sentencing enhancement under the sentencing Guidelines for possession of a firearm, any further exhaustion on Petitioner's part would be futile, would completely steal away from Petitioner's deserved relief (as of this time, Petitioner has 31 days to release to halfway house), and should thus be excused.

Magistrate Judge Mcpherson relies Gonzalez v. U.S. 959 F.2d 211 (11th Cir. 1992). Stating "The Bureau of Prisons is... responsible for computing [Petitioner's] sentence and applying appropriate ...Credit. See also U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988) In the above styled case the petitioner's sentence was calculated wrongly and he sought correction of sentence. Petitioner Yearby's case is fundamentally different in that, the policy used to deny Yearby's sentence reduction is invalid and the time he has to seek correction of his sentence is greatly limited to the point where, if forced to file administrative remedies, because of the amount of time it would take, no relief could be granted.

Please consider the injustice that will happen if Petitioner is forced to continue filing administrative remedies and hear the civil case on its merits.

_____
Reginald Yearby, Petitioner