IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **REGINALD YEARBY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No.: 2:05-cv-490-T |
| | ) |
| **SCOTT MIDDLEBROOKS,** | ) |
| | ) |
| Respondent. | ) |

**RESPONSE TO PETITION FILED PURSUANT TO TITLE 28,
UNITED STATES CODE, SECTION 2241**

Comes now the Respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Orders, responds to the petition filed pursuant to 28 U.S.C. § 2241.

*I.   PETITION*

The petitioner has filed a pro-se habeas petition pursuant to 28 U.S.C. § 2241, claiming the Bureau is denying him early release pursuant to 3621(e) due to a sentencing enhancement for possession of a firearm. As the petitioner is proceeding pro-se in this action his pleadings and motions will be held to less stringent standards than formal pleadings drafted by lawyers. Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. U.S. 941 F.2d 1488, 1491 (11th Cir.1991). The habeas corpus petition is due to be denied.

II.   **PARTIES**

   A)   **Petitioner**

The pro se petitioner, Reginald Yearby, federal register number 15895-074, is currently housed at the Salvation Army Center, Chattanooga, Tennessee[1]. (**Attachment 1 - Inmate Profile**).  He was previously incarcerated at the Federal Prison Camp in Montgomery, Alabama, (FPC Montgomery). (**Attachment 1** - Public Information Inmate form).  The petitioner is serving an aggregate 90 month sentence (with 4 years supervised release to follow) for Possession of Cocaine Base With Intent To Distribute, in violation of Title 21 U.S.C.§ 841.  As part of his sentence, the petitioner has been ordered to participate in a drug program until released by the Probation Department. (**Attachment 2 - Judgment and Commitment order for Case no. 1:99-CR-00054-001**)  The petitioner has a projected release date of January 27, 2006, via good conduct time release.  **Attachment 1, at 3.**

   B)   **Respondent**

The Petitioner has named Scott Middlebrooks, Warden FPC Montgomery, as Respondent in this matter.  The only proper Respondent in federal habeas cases is the custodian of the  having custody of the Petitioner.  See 28 U.S.C. 2242; Rumsfeld v. Padilla, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (2004).  The Warden is the proper Respondent.

---

[1]   The mailing address is 800 McCallie Avenue, Chattanooga, Tennessee, 37403.

### III.  *SUBJECT MATTER JURISDICTION*

The petitioner brings this action pursuant to 28 U.S.C. § 2241.  Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make the place, condition, or duration of confinement illegal through a petition for writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973); <u>Abella v. Rubino</u>, 63 F.3d 1063, 1066 (11th Cir. 1995).  The court has subject matter jurisdiction.

### IV.  *VENUE*

Venue in a Habeas Corpus action is governed by 28 U.S.C. §2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the Petitioner is detained.  A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody.  <u>Hajduk v. U.S.</u>, 764 F.2d 795 (11th Cir. 1985).  Venue is appropriate.

### V.  *SERVICE OF PROCESS*

Service of process for a Habeas Corpus Petition is governed by 28 U.S.C. § 2243, "The Writ or Order To Show Cause shall be directed to the person having custody of the person detained."  Records reflect the Warden was served via certified mail on July 20, 2005.

### VI.  *COMPLAINT*

The petitioner claims that because he was convicted of a non-violent offense, "the BOP abused its statutory discretion in basing their decision to exclude Petitioner from

consideration for early release because of the two point enhancement he received for being in possession of a firearm." Complaint, page 4. The petitioner does not challenge the enhancement itself. Instead, he claims the policy the BOP relied on, Program Statement 5162.04, is invalid because it violates the Administrative Procedure Act (APA), and his due process and equal protection rights are being violated. The petitioner claims that since he has completed the Residential Drug Abuse Program (RDAP) he should have been released to a Community Corrections Center (CCC) on July 21, 2005. See Complaint, page 3. He seeks immediate release from custody.

## VII. FACTS

### A) Facts regarding Petitioner's Incarceration

The petitioner was provisionally accepted into RDAP on April 10, 2003, and signed the agreement. (**Attachment 3** - Agreement to Participate in a BOP Residential Drug Abuse Treatment Program). A review was conducted of the petitioner's Presentence Investigative Report (PSI), and it was determined he was not eligible for a reduction in sentence in accordance with Program Statement 5162.04, <u>Categorization of Offenses</u>. (**Attachment 3** - Notification of Instant Offense Determination, dated April 10, 2003, and Declaration of Dr. Thompson).

According to PS 5162.04, it is within the Director's discretion to preclude an inmate from early release under 18 U.S.C. § 3621(e) if he is convicted of certain offenses, and receives an Specific Offense Characteristic (SOC) enhancement for possession of a

firearm. The following example provided in the program statement is illustrative of the application of this policy:

> <u>Example</u>: Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

PS 5162.04, section 2, page 11.

The petitioner's situation almost mirrors the example provided in the program statement. According to the PSI, the petitioner was given a two point SOC enhancement for possession of a dangerous weapon in accordance with U.S.S.G. § 2D1.1(b)(1). Five firearms were found during the search of the petitioner's residence. These firearms were easily accessible and were found in the same bedroom in which the drugs were found. According to the PSI, it is probable that these weapons were possessed in connection with the offense due to their presence, nature (many were loaded), location and quantity. The

presence of these weapons created a substantial risk of harm to the petitioner and to law enforcement officers.

Based on this information, staff determined the petitioner was not eligible for early release. The petitioner received written notification of the decision. (**Attachment 5** - Provisional Notice of Residential Drug Abuse Program and 3621(e) Eligibility, dated April 10, 2003 and Declaration of Dr. Thompson).

The petitioner entered RDAP on September 8, 2003, and completed the program on June 4, 2004. Thereafter, he completed the Follow-Up Services program on May 26, 2005. (**Attachment 3** - Inmate History Drug Programs, and Declaration of Dr. Thompson). He has not filed any Administrative Remedies. (**Attachment 3** - Declarations of Terry Collins).

**B)     BOP Regulations and Program Statement**

Pursuant to the Violent Crime Control & Law Enforcement Act of 1994 (VCCLEA), Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance abuse addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to participate in a substance abuse or addiction program, Congress gave the BOP the discretion to reduce the sentence of an inmate by up to 12 months where the inmate was convicted of a nonviolent offense(s) and completed a residential drug treatment program during his current commitment. 18 U.S.C. § 3621(e)(2)(B).

In 1995, the BOP published a regulation, 28 C.F.R. § 550.58, to implement the early release incentive, as well as related Program Statement 5162.02, which identified the specific offenses that disqualified an inmate from eligibility for early release. On October 15, 1997, the BOP amended 28 C.F.R. § 550.58. See 62 Fed. Reg. 53691 (1997). The revised regulation abandoned its earlier incorporation of a "crime of violence" definition in 18 U.S.C. § 924(c)(3), and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R. § 550.58 (a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" are not eligible for early release under § 3621(e)(2)(B). 28 C.F.R. § 550.58 was made immediately effective although it was not published in the Federal Register until October 15, 1997. Comments on the interim rule were due on December 15, 1997.

To implement this new rule the BOP issued P.S. 5162.04, <u>Categorization of Offenses</u>, dated October 9, 1997. Section 2 of that statement provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified by at the discretion of the Director of the Bureau of Prisons." (**Attachment 6** - PS 6152.04, <u>Categorization of Offenses</u>, dated October 9, 1997).

On December 22, 2000, the BOP replaced the 1997 interim rule with a final

published regulation, "Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration," which adopted the interim rule without change. See 65 Fed. Reg. 80745-80749.  (**Attachment - 7** Federal Register, Vol. 65, No. 247, December 22, 2000, Rules and Regulations).  This completed the notice and comment requirements imposed by the APA.

## VIII.  LEGAL ANALYSIS

### A)  Failure To Exhaust Administrative Remedies

In this case, the petitioner has not filed any Administrative Remedies.  He claims exhaustion would be futile due to the mandatory nature of PS 5162.04.  This argument must fail.  While the Eleventh Circuit has ruled the exhaustion requirement does not apply to PLRA cases, Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004), the Eleventh Circuit does mandate "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements.  Skinner, at 1295.  See also, U. S. v. Mitchell, 845 F.2d 951 (11th Cir. 1988) (federal district court lacks jurisdiction over federal prisoner's petition for jail time credit when prisoner had not exhausted his administrative remedies); U. S. v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (Requirement that inmate seeking credit against sentence for time in custody must exhaust administrative remedies is jurisdictional); accord U. S. v. Herrera, 931 F.2d 761 (11th Cir 1991), cert. den. 503 US 972 (1992) (Unless an inmate exhausts his administrative remedies, the court is without jurisdiction to hear the claim).  See also, Johnson v.

Meadows, --F.3d--, 2005 WL 1718602 (11th Cir., 07/26/05) (11th Circuit recognizes procedural default component within PLRA's exhaustion requirement).

The Eleventh Circuit has itself identified the following policies underlying exhaustion: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources ...;  (6) to give the agency a chance to discover and correct its own errors;  (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." Irwin v. Hawk, 40 F.3d 347, 349, citing Kibleur v. Group Hospital & Medical Services Inc., 954 F.2d 705, 711-12 (11th Cir. 1992).

Even if Petitioner has past his presumptive release date, exhaustion of administrative remedies is required.  Gonzales v. U.S., 959 F.2d 211 (11th Cir. 1992).  See also Irwin 40 F.3d at 349 (even if denial is the likely outcome, prisoner must still exhaust administrative remedies, when seeking non monetary or injunctive relief).  Petitioner has had plenty of time follow appropriate procedures but has chosen not to.

28 C.F.R. §542 et. seq., contains the guidelines an inmate must follow to exhaust his administrative remedies within the Bureau.  This three-tired process is a method whereby an inmate may seek redress for the deprivation of any right to which he is

entitled or to which he feels entitled. The process consists of the first addressing the complaint to the Warden of the facility where he is housed (BP-9). If dissatisfied with the Warden's response, the inmate must then file an appeal with the Regional Director of the region in which the inmate is located (BP-10). If the inmate is not satisfied with the response of the Regional Director, he must then appeal the decision to the General Counsel (BP-11). A decision by the Bureau of Prisons is not final, until relief has been denied at the national level.

Clearly, the petitioner must exhaust his administrative remedies prior to initiating this habeas petition. He has failed to do so, thus, this petition should be dismissed.

### B)     Regulations and Program Statements

#### 1.     The BOP Regulations Do Not Violate The APA

The crux of the petitioner's argument is that PS 5162.04 is invalid because it violates the notice and comment provisions of the APA. He cites to many cases in support of his position, mainly Bohner v. Daniels, 243 F. Supp. 2d 1171 (D.Or. 2003), Picker v. Daniels, 2004 WL 1445106 (D.Or. June 24, 2004); Bernard v. Daniels, 2004 WL 197774 (D. Or. May 28, 2004); and others. Complaint page 5-7. In these cases, the district courts held that the BOP's Program Statement 5162.04 could not be used to deny early release where the program statement was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. § 553 of the APA, and the rule that the program statement purported to interpret, namely 28 C.F.R. § 550.58, was likewise

invalid, because it too, had not been issued in compliance with the APA. See Bohner, 243 F.Supp. 2d at 1174-79.

The petitioner's reliance upon Bohner, and the other cases he cites is misplaced. These cases addressed the interim rule and related program statement and held that the interim rule and related program statements had not been validly promulgated under the APA at the time they were applied to the federal inmate at issue. In this case, however, the applicable regulation became a final rule, in compliance with the APA on December 22, 2000, more than three years before the BOP applied it to Petitioner's case to determine that he is ineligible for early release for participation in the drug treatment program. The interim regulation which was found invalid in Bohner has thus been superseded by the final rule. See, Grassi v. Hood, 251 F.3d 1218, 1222 n.3 (9th Cir. 2001).

    2.    **The BOP's Construction and Interpretation of the statute is Reasonable**

Inasmuch as the petitioner's claims the BOP abused its discretion in denying him consideration for early release because the regulations and program statements upon which the BOP relied are invalid, his claim is due to be dismissed. The Supreme Court has recently held that the BOP's regulations regarding early release criteria under RDAP is a permissible exercise of the BOP's discretion under § 3621(3)(2)(B). Lopez v. Davis, 531 U.S. 230 (2001). Section 3621(3)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised. Id.

In <u>Lopez</u>, the Supreme Court considered whether the BOP could categorically deny early release to prisoners who completed the RDAP program if their current offense was a felony attended by the carrying, possession, or use of a firearm. In addressing the issue, the Supreme Court stated; "The BOP need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb." 531 U.S. 230, at 231. "The statutes restriction of early release eligibility to non-violent offenders does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B). <u>Id.</u> at 231-232.

Likewise, in <u>Cook v. Wiley</u>, 208 F.3d 1314, 1319 (11th Cir. 2000) the Eleventh Circuit was confronted with a habeas corpus petition wherein an inmate alleged that the BOP impermissibly exercised its administrative discretion in determining that his offense of being a felon in possession of a firearm was a crime of violence thus, precluding him from a one year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). <u>Id</u>. The issue in the case was whether P.S. 5162.02 was valid. The Eleventh Circuit extensively dealt with the issue of the BOP's authority to determine what constitutes a "crime of violence," and determined the BOP's interpretation of § 3621(e)(2)(B) was reasonable.

Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP. As 18 U.S.C. § 3621(e)(2)(B) states. And that decision is not subject to judicial review. See 18 U.S.C. 3625; <u>Wiley</u> 208 F.3d at 1319 (citations omitted); <u>Ward v. Booker</u>, 202 F.3d 1249, 1254 n. 5 (10th Cir. 2000); <u>Martin v. Gerlinski,</u> 133 F.3d 1076, 1079 (8th Cir. 1998) (stating that "it is apparent that § 3625 precludes judicial review of agency

adjudicative decisions but not of rulemaking decisions"). As the Fourth Circuit explained such expansive discretion is necessary under § 3621(e)(2)(B) is necessary to permit the BOP to balance the dual objectives expressed in the statute: encouraging prisoners to complete substance abuse treatment programs and preventing the early release of potentially violent felons. See Wiley, 208 F.3d at 1319; citing Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999).

### 3. Neither 18 U.S.C. § 3621(e)(2)(B) Nor The Due Process Clause Creates A Liberty Interest In Early Release

Petitioner also alleges he has been denied due process in being deemed ineligible for early release consideration. The BOP has the authority to determine whether an inmate should receive any sentence reduction after completing a drug program. However, federal courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional protection. See, Wiley, 208 F.3d at 1322 - 23 (holding that 18 U.S.C. § 3621(e) creates no constitutionally protected liberty interest and concluding that the BOP's refusal to consider petitioner for a sentence reduction did not violate his due process rights); Rublee v. Fleming, 160 F.3d 213, 216 (5th Cir. 1998) (finding that the BOP has discretion to deny sentence reductions even to those inmates who successfully complete a treatment program); Fristoe v. Thompson, 144 F.3d 627, 620 (9th Cir. 1998).

### 4. Petitioner Does Not Have An Equal Protection Claim

To the extent the petitioner claims his equal protection rights are being violated,

his argument is due to be rejected. The Complaint does not allege that the petitioner falls into a protected class or that the BOP acted (or failed to act) towards him as a member of a protected class. In order to analyze an equal protection claim, a court must determine whether the challenged classification is one which involves a suspect class or the exercise of a fundamental right. See Plvler v. Doe, 457 U.S. 202, 216-17 (1982). The petitioner does not fall into a protected class and incarceration is not an immutable characteristic nor is it an invidious basis for discrimination. See Thornton v. Hunt, 852 F.2d 526 (11th Cir. 1988); Moss v. Clark, 886 F.2d 686 (4th Cir. 1989); Brandon v. District of Columbia Board of Parole, 823 F.2d 644 (D.C. Cir. 1987). Moreover, courts have demonstrated their reluctance to hold that any two prisoners are ever similarly situated. In Rowe v. Cuvler, 534 F. Supp. 297, 301 (E.D. Pa. 1982)( ...it is difficult to believe that any two prisoners could ever be considered "similarly situated" for purposes of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics), affirmed, 696 F. 2d 985 (3rd Cir. 1982).

## VIII. RECOMMENDATION

For the reasons indicated above, the petition is due to be and should be denied.

Respectfully submitted this 16th day of August, 2005.

                LEURA G. CANARY
                United States Attorney


      By:   s/R. Randolph Neeley
             R. Randolph Neeley
             Assistant United States Attorney
             Bar Number:  #9083-E56R
             Attorney for Defendant
             United States Attorney's Office
             Post Office Box 197
             Montgomery, AL  36101-0197
             Telephone: (334) 223-7280
             Facsimile:  (334) 223-7418
             E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Reginald Yearby
>6209 Wimberly Drive
>Chattanooga, TN 37416

>s/R. Randolph Neeley
>R. Randolph Neeley
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, AL 36101-0197
>Telephone: (334) 223-7280
>Facsimile: (334) 223-7418
>E-Mail: rand.neeley@usdoj.gov
>Bar Number: #9083-E56R