# Attachment 3

P.S. 5330.10
CN-01, May 17, 1996
Attachment B-3, Page 1

## AGREEMENT TO PARTICIPATE IN A BOP RESIDENTIAL
## DRUG ABUSE TREATMENT PROGRAM

The Federal Bureau of Prisons offers a full range of drug education and treatment programs for inmates with alcohol and other drug abuse problems. Bureau of Prisons staff are committed to providing quality drug abuse programming to inmates who choose to participate in any one of these program options. Inmates who choose to participate in any of the Bureau's drug programs must acknowledge and agree to a number of program rules and policies prior to admission.

All program participants agree to participate in classes/counseling/group sessions as designated by the BOP Psychology and Drug Treatment Staff.

All program participants agree to refrain from any behavior disruptive to the program or to the participants and staff of the program.

All program participants agree to complete all tasks as assigned.

All program participants agree to take part in the program activities, including group work and homework as assigned.

All program participants agree to accept responsibility for not disclosing inmate information.

All program participants have been informed and understand that they may be expelled from the program for failure to comply with program rules and regulations. Ordinarily, immediate expulsion will result if the participant, pursuant to an incident report is found by the DHO to have:

   1) Used or possessed alcohol or drugs;

   2) Been violent or threatened violence against staff or another inmate; or

   3) Committed a 100 series prohibited act.

   4) Committed a prohibited act involving alcohol or drugs after completing the unit-based segment of the program.

In addition to the agreements listed and checked above, I

P.S. 5330.10
CN-01, May 17, 1996
Attachment B-3, Page 2

understand that, by agreeing to participate in residential drug abuse

treatment, under ordinary circumstances, I will not be considered for transfer to another institution, including a camp, during my participation in the residential drug abuse program.
I understand that participation in the residential drug abuse program does not relieve me of any financial responsibility legally imposed.

I understand that some of my counseling sessions may be audio/video taped. I understand these tapes will be used only for rehabilitative or educational purposes within the program. I understand that I will continue to be subjected to random drug abuse testing.

I understand that if I choose to withdraw, or am expelled from the program:

- incentives received while an active program member may be lost;

- any request for re-admission will include a reassessment for participation;

- there will be no consideration for extended CCC placement; and

- I will lose my eligibility for an early release consideration.

I understand and agree to continued transitional drug treatment services that include:

- continued positive behavior and treatment programming upon my return to general population. Failure to participate in continued treatment in the institution transition program, as prescribed by psychology staff, for less than one hour each month over a period of 12 months will result in my termination from treatment and loss of incentives previously and potentially earned;

- continued treatment programming upon my return to the community through transfer to a CCC or on home confinement. Failure to participate in continued treatment in the community transition program may result in my return to the institution, or, at the very least, to local custody; and

P.S. 5330.10<br>
CN-01, May 17, 1996<br>
Attachment B-3, Page 3

I understand that I must be responsible for:

- knowing the rules, goals and schedules of my particular treatment plan;

- attending all scheduled sessions that are assigned to me. Should I leave prior to the conclusion of the session, without permission, this is to be considered an absence;

- completing all assignments on time;

- actively participating in group sessions. Examples of active participation include, appropriate self-disclosure, and providing feedback;

- working on the goals/objectives of my treatment plan;

- being attentive during all individual and group sessions;

- keeping all information discussed in group confidential;

- following the Bureau of Prisons rules and regulations. When I incur an incident report because I have failed to follow rules and regulations, I can be expelled from the program.

- _____

- _____

I understand that staff may recommend, as a condition of my supervised release or parole, a stipulation that I receive continued treatment during the period of such release.

I understand that if I have been found eligible for an early release under 18 U.S.C. §3621(e), <u>this eligibility is provisional, and may change</u>.

I understand and consent to the release of information specified below by Bureau of Prisons staff to the appropriate U.S. Parole Commission staff, U.S. Probation staff, Community Corrections Staff, and Treatment Program Staff for the purpose of determining my eligibility for a SPA or for developing a treatment plan.

```
                                        P.S. 5330.10
                                        CN-01, May 17, 1996
                                        Attachment B-3, Page 4
```

The extent and nature of the information to be disclosed includes: substance abuse history; drug program assessment summary; treatment progress; relapse prevention plan; and recommendations for continued treatment.

### AGREEMENT/SIGNATURE

I have read, or have had this document read to me, and I understand and agree to the rules and regulations for
participation in the residential drug abuse treatment program as described in this agreement to participate.

Reginald Yearby
Inmate Printed Name

Reginald Yearby
Inmate's Signature

15695-074
Register Number

4-10-03
Date

John Carter
Staff Printed Name

[signature]
Staff's Signature

Drug Treatment Specialist
Staff's Title

4/10/03
Date

UNITED STATES GOVERNMENT
# MEMORANDUM
Federal Prison Camp, Montgomery
Maxwell Air Force Base
Montgomery, Alabama 36112

Attachment N

**DATE:** April 10, 2003
**REPLY TO ATTN OF:** David A. Thompson Ph.D.
Drug Abuse Program Coordinator

**SUBJECT:** Notification of Instant Offense Determination

**TO:**
Clarence Morris
Unit Manager

Yearby, Reginald M. Reg No. 15895-074 has requested to participate in the Residential Drug Abuse Program. Please provide the following information:

**Part 1:** Instructions: Please mark an "X" in either response I or response II.

\_\_\_\_\_ I. The inmate's instant offense is a crime that excludes him or her from early release under 18 U.S.C. § 3621(e). (If response I requires an "X", then also place an "X" in either item A or B).

    \_\_\_\_\_ A. Crime of Violence as contained in the Categorization of Offenses Program Statement.

    __X__ B. Crime listed under the Director's Discretion as contained in the Categorization of Offenses Program Statement.

\_\_\_\_\_ II. The inmate's instant offense is **not** a crime that excludes him or her from early release under 18 U.S.C. § 3621(e).

I
**Part 2:** Instructions: (Please mark an "X" in front of each true statement).
__X__ 1. Inmate is not an INS Detainee.
__X__ 2. Inmate is not a Pretrial Inmate.
__X__ 3. Inmate is not a Contractual Boarder.
__X__ 4. Inmate is not an "old law" inmate.
__X__ 5. Inmate does not have a detainer / pending charges.
__X__ 6. Inmate is acceptable for CCC placement.
Explanation or other pertinent Information (e.g. inmate is both old law and new law)

---

Unit Manager (or designee) _John Trahley_
Date of Review _04-10-03_
original: Drug Abuse Treatment Filecopy: Unit Team (place in section 4 of Inmate Central File)

```
   SERBG  531.01 *              INMATE HISTORY                *     08-12-2005
PAGE 001 OF 001 *                 DRUG PGMS                   *       13:56:15

  REG NO..: 15895-074 NAME....: YEARBY, REGINALD MAURICE
  CATEGORY: DRG           FUNCTION: PRT         FORMAT:

FCL    ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
CNV    DAP COMP   RES DRUG TRMT COMP/TRANS REQD  06-04-2004 1500 CURRENT
CNV    DRG E COMP DRUG EDUCATION COMPLETED       07-28-2000 0830 CURRENT
CNV    DRG I RQ J DRG INTRV REQD: JUD RECOMMEND  03-07-2000 1530 CURRENT
CNV    FOL COMP   FOLLOWUP SERVICES COMPLETE     05-26-2005 1529 CURRENT
CNV    INELIGIBLE 18 USC 3621 RELEASE INELIGIBLE 04-10-2003 1514 CURRENT
CNV    NR COMP    NRES DRUG TMT/COMPLETE         12-14-2000 1612 CURRENT
CNV    TRAN PAR R COMMUNITY TRAN SERV PARTIC-REQ 08-01-2005 1717 CURRENT
MON    FOL PART   FOLLOWUP SERVICES PARTICIPANT  06-04-2004 1500 05-26-2005 1529
MON    DAP PART   RESIDENT DRUG TRMT PARTICIPANT 09-08-2003 1300 06-04-2004 1500
MON    DAP PART   RESIDENT DRUG TRMT PARTICIPANT 09-09-2003 1300 09-12-2003 0902
MON    DAP WAIT   RESIDENT DRUG TRMT WAITING     04-10-2003 1513 09-09-2003 1300
MON    NR PART    NRES DRUG COUNSEL PARTICIPANT  10-26-2000 1130 12-14-2000 1612
MON    NR COMP    NRES DRUG TMT/COMPLETE         06-15-2000 1415 10-26-2000 1130
MON    ED PART R  DRUG EDUCATION PARTICIPNT-REQD 04-28-2000 0800 07-28-2000 0830
MON    NR PART    NRES DRUG COUNSEL PARTICIPANT  04-27-2000 1130 06-15-2000 1415
MON    ED WAIT R  DRUG EDUCATION WAIT-REQUIRED   03-07-2000 1531 04-28-2000 0800




















G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

# Declarations

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Reginald Yearby                )
                               )
    Petitioner,                )
                               )
        v.                     )        Civil Action No. 2:05-cv-490-T
                               )
Scott Middlebrooks, Warden     )
                               )
    Respondent.                )

### Declaration of Dr. David Thompson

I, the undersigned, David Thompson, do hereby make the following unsworn declaration pertinent to the above-styled and numbered cause.

1. I am employed by the Federal Bureau of Prisons (BOP) as the Drug Abuse Program (DAP) Coordinator, at the Federal Prison Camp, in Montgomery, Alabama. I'm over the age of 21 and have information relevant to the above referenced case.

2. Included in my duties as the DAP Coordinator, is to make determinations on the eligibility of inmates to receive up to one year off for participation in the Residential Drug Abuse Program (RDAP), and to coordinate the Drug Abuse Treatment program. The RDAP program is mandated by Congress which provides that the BOP "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance abuse addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to participate in a substance abuse or addiction program, Congress gave the BOP the discretion to reduce the sentence of an inmate by up to 12 months where the inmate was convicted of a nonviolent offense(s) and completed a residential drug treatment program during his current commitment. 18 U.S.C. § 3621(e)(2)(B).

3. In response the BOP promulgate two program statements to implement the program. The relevant one to this case is Program Statement 5162.04, _Categorization of Offenses_, dated October 9, 1997, provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified by at the discretion of the Director of the Bureau of Prisons." It is within the Director's discretion to preclude an inmate from early release under 18 U.S.C. § 3621(e) if he is convicted of certain offenses, and receives an Specific Offense Characteristic (SOC) enhancement for possession of a firearm.

4. Inmate Yearby was provisionally accepted into RDAP on April 10, 2003. Completion of the RDAP program is a pre-requisite for consideration to receive up to one year off the

inmate's sentence. Unit staff reviewed inmate Yearby's presentence investigative report (PSI) to ascertain if he were eligible to receive up to one year off his sentence pursuant to § 3621(e).

4. Inmate Yearby was sentenced for Possession of Cocaine Base with Intent to Distribute. He received a two point Specific Offense Characteristic (SOC) enhancement for possession of a dangerous weapon in accordance with U.S.S.G. § 2D1.1(b)(1). Five firearms were found during the search of Inmate Yearby's residence. These firearms were easily accessible and were found in the same bedroom in which the drugs were found. According to the PSI, it is probable that these weapons were possessed in connection with the offense due to their presence, nature (many were loaded), location and quantity. The presence of these weapons created a substantial risk of harm to inmate Yearby and to law enforcement officers. Staff sent notification of the above information.

5. On the basis of the SOC that inmate Yearby received for possession of firearms, it was determined he did not qualify for the benefit of up to one year off his sentence. Inmate Yearby received written notification of the decision on April 10, 2003. He entered RDAP on September 8, 2003, and completed the program on June 4, 2004. Thereafter, inmate Yearby completed the Follow-Up Services program on May 26, 2005.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Executed this 15th day of August, 2005.

*[signature]*

Dr. David Thompson, DAP Coordinator
FPC Montgomery

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Reginald Yearby            )
                           )
    Petitioner,             )
                           )
    v.                      )        Civil Action No. 2:05-cv-490-T
Scott Middlebrooks, Warden  )
                           )
    Respondent.             )

## Declaration of Terry A. Collins

I, the undersigned Terry A. Collins, do hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above-styled and numbered cause.

1.  I am employed as Senior Counsel, Federal Bureau of Prisons, Southeast Region in Atlanta, Georgia. I have been employed by the Bureau of Prisons for 12 years.

2.  As Senior Counsel, I have access to the computerized records of the Administrative Remedy Complaints which is described at 28 C.F.R. §. 542.10, Administrative Remedy Procedures for Inmates.

3.  28 C.F.R. §542 et. seq., contains the guidelines an inmate must follow to exhaust his administrative remedies within the Bureau of Prisons. This three-tired process is a method whereby an inmate may seek redress for the deprivation of any right to which he is entitled or to which he feels entitled. The process consists of the first addressing the complaint to the Warden of the facility where he is housed (BP-9). If dissatisfied with the Warden's response, the inmate must then file an appeal with the Regional Director of the region in which the inmate is located (BP-10). If the inmate is not satisfied with the response of the Regional Director, he must then appeal the decision to the General Counsel (BP-11). A decision by the Bureau of Prisons is not final, until relief has been denied at the national level.

4.  I have reviewed the Administrative Remedy Log for inmate Reginald Yearby, federal register number 15895-074.

5.  The computerized log reflects Mr. Yearby has not filed any Administrative Remedies. See Attachment A. Therefore, he has not exhausted his Administrative Remedies regarding the calculation of his sentence.

I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of August, 2005.

*[signature]*
Terry A. Collins, Senior Counsel
Federal Bureau of Prisons
Southeast Region

# Attachment A

```
       FUNCTION: L-P  SCOPE: REG   EQ 15895-074      OUTPUT FORMAT: UNSAN_____
--------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____     THRU _____     DT STS: FROM _____     THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS:    ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
SUBJECTS:    ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _  REMEDY LEVEL: _ _           RECEIPT: _ _ _  "OR" EXTENSION: _ _ _
RCV  OFC : EQ  ____   ____   ____   ____   ____   ____   ____
TRACK: DEPT:   ____   ____   ____   ____   ____   ____   ____
       PERSON: ____   ____   ____   ____   ____   ____   ____
       TYPE:   ____   ____   ____   ____   ____   ____   ____
EVNT FACL: EQ  ____   ____   ____   ____   ____   ____   ____
RCV FACL.: EQ  ____   ____   ____   ____   ____   ____   ____
RCV UN/LC: EQ  ____   ____   ____   ____   ____   ____   ____
RCV QTR..: EQ  ____   ____   ____   ____   ____   ____   ____
ORIG FACL: EQ  ____   ____   ____   ____   ____   ____   ____
ORG UN/LC: EQ  ____   ____   ____   ____   ____   ____   ____
ORIG QTR.: EQ  ____   ____   ____   ____   ____   ____   ____


G5152        NO REMEDY DATA EXISTS FOR THIS INMATE
```

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Reginald Yearby ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:05-cv-490-T |
| ) | |
| Scott Middlebrooks, Warden ) | |
| ) | |
| Respondent. ) | |

### Declaration of Terry A. Collins

I, the undersigned, Terry A. Collins, do hereby make the following unsworn declaration pertinent to the above-styled and numbered cause.

1. I am employed by the Federal Bureau of Prisons (BOP) as a Senior Counsel Southeast Regional Office in Atlanta, Georgia.

2. In relation to the above-captioned case, my duties as Senior Counsel include general case management and preparation, and assistance to the United States Attorney's Office.

3. I certify that all enclosed documents as provided to the Assistant United States Attorney are true and accurate copies of the original documents held during the regular course of business by the Bureau of Prisons:

4. I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Executed this 11th day of August, 2005.

_/s/ Terry A. Collins_
Terry A. Collins, Senior Counsel
Southeast Regional Office