IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| REGINALD YEARBY | * |
| Petitioner, | * |
| v. | *   2:05-CV-490-MHT |
| | (WO) |
| SCOTT MIDDLEBROOKS, WARDEN | * |
| Respondent. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Reginald Yearby ["Yearby"], filed this habeas application seeking to compel the Bureau of Prisons ["BOP"] to grant him a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) due to his successful completion of the BOP's Residential Drug Abuse Treatment Program ["RDAP"]. The BOP denied Yearby the one-year sentence reduction because he received a sentence enhancement for possession of a firearm in connection with his drug conviction which made him ineligible for the benefit afforded by § 3621(e)(2(B). Yearby contends, however, that the program statement on which the BOP relied in order to deny him eligibility for early release is invalid, and therefore, may not be used to deny him eligibility for early release where he successfully completed RDAP. As relief, Petitioner requests that the BOP be compelled to reconsider his eligibility for early release and cease from withholding such benefit.

It recently came to the court's attention that Yearby is no longer in the custody of the Bureau of Prisons. Accordingly, the court entered an order on March 7, 2006 directing

Yearby to show cause why the application for habeas relief should not be dismissed as moot. Petitioner has filed nothing in response to the February 3, 2005 order and the time for filing a response has now expired.

**DISCUSSION**

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

Yearby's ultimate objective in filing this action was to be granted an early release as a result of his successful completion of RDAP. Since he has been released from custody, there is no longer a case or controversy to litigate. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas relief be DISMISSED as moot since a more favorable decision on the merits would not entitle Petitioner to any additional relief.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 17, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of April, 2006.

*/s/ Vanzetta Penn McPherson*
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE